IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BOBBY GENE BENNETT, JR., MD      PLAINTIFF

V.      NO: 1:23CV67-GHD-DAS

JUDGE STEPHEN BAILEY,
CHANCERY COURT, LEE COUNTY,
STATE OF MISSISSIPPI      DEFENDANT

## ORDER

Presently before the Court is Plaintiff's motion for an immediate case management conference, for temporary injunction, and for appointment of U.S. Attorney independent counsel. [16]. To the extent Plaintiff's motion [16] requests an immediate case management conference, the Magistrate Judge assigned to this case has previously denied this aspect of Plaintiff's motion. [17]. Defendant Judge Stephen Bailey has responded in opposition to the present motion, and the Court having considered the motion, and otherwise being duly advised herein, hereby denies Plaintiff's motion. [16].

Plaintiff has a pending and ongoing case in the Chancery Court of Lee County, Mississippi with Defendant Judge Stephen Bailey as the presiding judge. Plaintiff has alleged that Judge Bailey has violated multiple rights of the Plaintiff and continues to do so. Plaintiff has requested that "a temporary injunction be placed on any subsequent Orders of this judge regarding these unconstitutional orders in question in this Federal cause, including prohibition of vindictive pending eviction by Judge Bailey of the Plaintiff…." [16]. More specifically, Plaintiff alleges that Defendant Judge Bailey is allowing false charges to be maintained against him, waging a smear campaign against him, and issuing unconstitutional orders, among other allegations. "A court of the United States may not grant an injunction to stay proceedings in a State court except as

1

expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The courts have clearly held that the only exceptions to section 2283 are those three expressly stated therein. Thus, in *Atlantic Coast Line,* the Court declared "[w]e cannot accept any ... contention" that "in certain circumstances a federal court may enjoin state court proceedings even if that action cannot be justified by any of the three exceptions," and proceeded to "hold that any injunction against state court proceedings ... must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 90 S.Ct. 1739, 1743 26 L.Ed.2d 234 (1970). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Id.* at 1748.

There exist three exceptions in the language of 28 U.S.C. § 2283 that permit a federal court to overcome the prohibition of granting injunctions in a state court. "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

Plaintiff has not identified any act of Congress, and the Court is unaware of any, that would allow the Court to authorize an injunction against State court proceedings in these circumstances. Further, this issue has not been presented to and litigated before a federal court, thus barring the relitigation exception. *Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 108 S.Ct. 1684, 1690, 100 L.Ed.2d 127 (1988). Plaintiff has further not identified or alleged that this Court's injunction "may be necessary to prevent the State court from so interfering with the federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide

that case." *Atlantic Coast Line*, 398 U.S., at 294, 90 S.Ct., at 1747. Thus, the Plaintiff has failed to show that any of the exceptions to the general prohibition on a federal court issuing state court injunctions have been met. On this basis alone, the Court finds that Plaintiff's motion is not well taken and should be denied.

However, Plaintiff's motion could be denied also on the fact that he has failed to meet the burden of persuasion as to the elements that must be met before a temporary restraining order ("TRO") may be granted. To prevail, the party seeking a TRO must establish the following elements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) the threatened injury to the movant outweighs any harm to the nonmovant that may result from the injunction; and (4) the injunction will not undermine the public interest." *Gonzalez Morales v. Gillis*, No. 5:20-CV-181-DCBMTP, 2020 WL 6879277 (S.D. Miss. Nov. 23, 2020). The elements required for a temporary injunction are the same as for a TRO. *Phillips v. Oxford Separate Mun. Sch. Dist.*, 314 F. Supp. 2d 643, 645 (N.D. Miss. 2003). Plaintiff has not met the heavy burden of persuasion as to each of the four elements required before the Court may grant relief.

To the extent Plaintiff's motion requests that the Court "consult with and appoint" a United States Attorney to investigate Judge Bailey, Plaintiff's motion is further denied. The Court has no basis, power, or jurisdiction to appoint a United States Attorney on request of a plaintiff while also directing that attorney to investigate a particular person or actions.

The Court having considered the motion, the response, and otherwise being duly advised herein, holds that it is hereby ORDERED AND ADJUDGED that the Plaintiff's motion for an immediate case management conference, for temporary injunction, and for appointment of U.S. Attorney independent counsel [16] is DENIED.

3

SO ORDERED, this the 24th day of July, 2023.

                                                                                                       SENIOR U.S. DISTRICT JUDGE

4