IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**BOBBY GENE BENNETT, JR., MD**                          **PLAINTIFF**

**V.**                                                                                                               **NO: 1:23CV67-GHD-DAS**

**JUDGE STEPHEN BAILEY,**
**CHANCERY COURT, LEE COUNTY,**
**STATE OF MISSISSIPPI**                                    **DEFENDANT**

## MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION TO DISMISS

Presently before the Court is the Defendant's Motion to Dismiss [6] for lack of subject matter jurisdiction and for failure to state a claim. Plaintiff, who is proceeding pro se in this matter, has responded in opposition to the present motion. The Court, having considered the motion, and otherwise being duly advised herein, hereby grants the Defendant's motion [6].

### Factual and Procedural Background

Plaintiff filed the instant Complaint [1] pro se against Mississippi Chancery Court Judge Stephen Bailey requesting an emergency appeal and other immediate relief. This Court has previously denied the Plaintiff's request for a temporary injunction or a temporary restraining order [21] which sought to stop alleged illegal actions being taken by the Defendant in an ongoing Chancery Court case involving the Plaintiff.

The Complaint contains allegations of constitutional violations related to due process, freedom of speech, search and seizure, and self-incrimination. Plaintiff alleges that these wrongs took place through rulings of Defendant Judge Bailey in Lee County Chancery Cause No. 2022-0347, which is a guardianship and conservatorship case. Plaintiff requests that this Court sanction the Defendant's Court and overturn multiple orders entered in the above-mentioned Chancery Court case. Specifically, Plaintiff alleges that the orders entered in the related

1

Chancery Court case were unconstitutional and that now his only avenue for relief is in federal court.

**Standard**

"When a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion, ... courts must consider the jurisdictional challenge first." *McCasland v. City of Castroville, Tex.*, 478 F. Appx. 860 (5th Cir. 2012) (per curiam) (citing *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); *Morgan v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* at 860-61 (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam)); *Hitt v. City of Pasadena, Tex.*, 561 F. 2d 606, 608 (5th Cir. 1977) (per curiam). Accordingly, the Court first addresses the jurisdictional issues under Rule 12(b)(1).

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996) (quoted favorably in *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). Dismissal for lack of subject matter jurisdiction may be based upon: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *Voluntary Purchasing Grps., Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989). Where the case is filed in the wrong court, and where the defendant is entitled to Eleventh Amendment immunity, the Court lacks subject matter jurisdiction over Plaintiff's claims. *Mahogany v. La. State Sup. Ct.*, 262 F.App'x. 636, 636 (5th Cir. 2008) (per

curiam) ("A federal district court lacks subject matter jurisdiction where the named defendants are protected by Eleventh Amendment immunity.")

## Discussion

The Defendant first argues that the *Rooker-Feldman* Doctrine bars Plaintiff Bennett's suit. The *Rooker-Feldman* doctrine gets its name from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 283, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). In both the *Rooker* and *Feldman* cases, the Supreme Court held that federal district courts did not have jurisdiction to review state court decisions. *Id.* at 283-84, 125 S.Ct. 1517. Consistent with the Supreme Court rulings, the Fifth Circuit has held that "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). For purposes of the *Rooker-Feldman* doctrine, a state court judgment is attacked "when the claims are 'inextricably intertwined' with a challenged state court judgment," *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 350 (5th Cir. 2003) or when the state court loser seeks "what in substance would be appellate review of the state judgment." *Weaver v. Tex. Capital Bank, N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994)).

The Supreme Court later clarified in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.* that *Rooker-Feldman* is limited to cases brought by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Id.* at 284, 125 S.Ct. 1517. The Supreme Court also narrowed the doctrine by stating: "*Rooker-*

3

*Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." *Id.* In light of *Exxon*, the Fifth Circuit announced that for *Rooker-Feldman* to apply, four elements must be met: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment." *Houston v. Venneta Queen*, 606 Fed.Appx. 725, 730 (5th Cir. 2015).

Plaintiff's complaint, in sum, amounts to an appeal of the decisions and orders entered by Defendant Judge Bailey in the Lee County Chancery Court, as the complaint plainly states that relief is being sought due to unconstitutional orders of the Lee County Chancery Court. The complaint requests that this Court overturn multiple orders entered by the Defendant, which is not permitted under the *Rooker-Feldman* doctrine. *Hawkins v. Hutchison*, 277 Fed. Appx. 518, 520 (5th Cir.2008) (affirming dismissal of federal court claim under the *Rooker–Feldman* doctrine where the "claim in the present case merely [sought] review of the state court's orders" and noting that the district court is "powerless to engage itself in such a review.").

The four elements of the *Rooker-Feldman* doctrine, (1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment, have been clearly established in this matter, thus demonstrating the lack of this Court's subject matter jurisdiction in this matter. Plaintiff's complaint and the related pleadings admit that he was not successful in state court, as that lack of success is the basis for this suit. The allegations directly stem from multiple state court orders entered by the Defendant, and the orders were entered prior to the filing of the complaint [1]. Lastly, the complaint directly

4

requests this Court's intervention in the Chancery Court proceedings as Plaintiff's requested relief is the overturning of Defendant's Chancery Court orders.

Plaintiff briefly argues that the matters in Lee County Chancery Court have not been "decided" as required by the *Rooker-Feldman* doctrine but fails to provide any further context around this claim. However, a review of the complaint and attached pleadings of the Plaintiff clearly establishes that the matters complained of by the Plaintiff in fact have been decided. The Plaintiff states that he has even attempted to appeal these decisions in state court and is now attempting to have the decisions overturned through a federal court decision. These matters complained of are clearly previously decided and entered orders of the Chancery Court as the Plaintiff is requesting them to be overturned. Plaintiff is directly seeking review, modification, and reversal of state court judgments, which is not permitted. *In re Bayhi*, 528 F.3d 393, 402 (5th Cir.2008) (citing *United States v. Shepherd*, 23 F.3d 923, 925 (5th Cir.1994)).

Defendant next argues that the Eleventh Amendment bars the claims against him. Under the Eleventh Amendment, the state, its agencies, and its officers, are immune from lawsuits in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding that a claim against a state official acting in her official capacity is treated as a claim against the state itself). The Fifth Circuit has expressly recognized that state court judges are entitled to Eleventh Amendment immunity when sued in their official capacities. See *Davis v. Tarrant County*, 565 F.3d 214, 228 (5th Cir. 2009) ("Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors."); *Frey v. Bordis*, 286 F. App'x 163, 165 n.2 (5th Cir. 2008) (stating that the Eleventh Amendment bars claims against Mississippi judges sued in their official capacities).

5

However, there exists the *Ex parte Young* exception which "permits suits for prospective ... relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437, 124 S.Ct. 899, 157 L.Ed.2d 855 (2004); *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). For *Young* to apply, three criteria must be satisfied: (1) The "plaintiff must name individual state officials as defendants in their official capacities," *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013); (2) the plaintiff must "allege[ ] an ongoing violation of federal law," *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002); and (3) the relief sought must be "properly characterized as prospective." *Id.* To determine whether the exception applies, we conduct a simple, "straightforward inquiry," *Air Evac EMS, Inc. v. Tex., Dep't of Ins.*, 851 F.3d 507, 517 (5th Cir. 2017), and we do not consider the merits of the underlying claims, see *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019).

Defendant argues that the relief requested is entirely retrospective, as the case only concerns orders entered entirely prior to this action filed in federal court. While it is true that Plaintiff's allegations relate to only previously entered orders, the complaint suggests that the alleged unconstitutional orders have led to ongoing constitutional violations. While all orders of the Defendant have been previously entered in the Chancery Court, the alleged result from those orders appears to be ongoing according to the complaint. Given the lower burden required at this stage of proceedings, the Court cannot dismiss Plaintiff's claim based upon Eleventh Amendment immunity given that the Plaintiff has to an extent alleged ongoing violations. However, this does not affect the Court's prior conclusion that the *Rooker-Feldman* doctrine bars Plaintiff's claims.

Lastly, the Court does not consider Defendant's remaining two arguments for dismissal which are that Defendant Judge Bailey has absolute judicial immunity and that Plaintiff's complaint fails to state claim. The absolute judicial immunity argument is not considered by this court due to the fact that Plaintiff's complaint does not seek damages, but instead only review and reversal of state court decisions, and absolute judicial immunity applies when there is a claim for damages arising out of acts performed in the exercise of their judicial functions. *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993). The Court also has found that dismissal is warranted under 12(b)(1) and thus an analysis under 12(b)(6) is not necessary. It appears to the Court that the Plaintiff's lawful remedy is to proceed with the applicable Mississippi state appellate procedure.

## Conclusion

For the reasons stated above, the Court finds that Defendant's Motion to Dismiss [6] is GRANTED and Plaintiff's claims are dismissed.

An order in accordance with this opinion shall issue this day.

This, the **30th** day of October, 2023.

*[signature]*

SENIOR U.S. DISTRICT JUDGE